UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| AZA THOMPSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:17-CV-785 CAS |
| ) | |
| CHIEF COLONEL DOYLE SAM ) | |
| DOTSON, III, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Aza Thompson, an inmate at the Hill Correctional Center in Galesburg, Illinois, for leave to commence this civil action without prepayment of the required filing fee. The motion will be granted, and this action will be dismissed.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.* In this case, having considered the instant motion

and plaintiff's statements about his finances, the Court will require plaintiff to pay an initial partial filing fee of $1.00, an amount that is reasonable based upon the information the Court has about plaintiff's finances. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances").

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to, among other things, draw upon judicial experience and common sense. *Id.* at 679.

A Court must liberally construe a *pro se* complaint, and must accept as true the factual allegations therein. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). The rule that

a court must accept a complaint's allegations as true is inapplicable to legal conclusions. *Iqbal*, 556 U.S. at 678. In addition, affording a *pro se* complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993).

**The Complaint**

On January 30, 2017, plaintiff filed the instant complaint in the United States District Court for the Central District of Illinois. On February 23, 2017, Judge Sara Darrow transferred the case to this Federal Judicial District on the basis of venue. In the complaint, plaintiff invokes this Court's federal question jurisdiction and seeks relief under 42 U.S.C. § 1983.

Plaintiff alleges that the events giving rise to this lawsuit occurred on January 27, 2015 while plaintiff was being held in the St. Louis City Justice Center. Plaintiff alleges on that date two detectives from the "Chief Colonel Doyle Sam Dotson III Sheriff Police Department" visited plaintiff to question him about a murder, but did not charge him with murder. (Doc. 1 at 5.) Plaintiff alleges that "the Sheriff Police Department acquired this to the Fox 2 News TV and also to the St. Louis Post/BND using subterfuge and deceit in an attempt to create a fabricated story to the News Paper and Fox 2 News TV." *Id.* Plaintiff alleges that the "Sheriff Police Department" falsely stated that plaintiff had committed murder. *Id.*

In Count I, plaintiff alleges a supplemental state law claim of defamation. In support, plaintiff alleges that the Sheriff Department's false statement impeached his "integrity, virtue, human decency, respect for others, and reputation," lowered plaintiff in the estimation of the community and deterred third parties from dealing with him, and that he suffered humiliation, mental distress and suffering. (*Id.* at 5-6). In Count II, plaintiff alleges that his federal due process rights were violated in that Dotson's detectives "knew that providing a perjurious statement to the Fox 2 News and the St. Louis Post/BND News Paper would cause injury to

plaintiff." (Doc. 1 at 6.) Plaintiff alleges that the "perjurious statement of the Detectives caused stigmatic harm to plaintiff by damaging his good name, reputation, honor, integrity, in violation of the Plaintiff's Fourteenth and Fifth Amendment rights to liberty." *Id.* Plaintiff seeks one million dollars in damages.

### Discussion

#### 1. Federal Claims

In Count II of the complaint, plaintiff alleges that he was defamed in violation of his federal right to due process. He alleges that the defamation harmed his reputation, caused third parties to be deterred from dealing with him, and caused him emotional distress. To state a cognizable claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of a right secured by the Constitution or the laws of the United States, and that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). It is well settled that defamation, standing alone, does not constitute a constitutional violation actionable under § 1983. *Brayman v. U.S.*, 96 F.3d 1061 (8th Cir. 1996) (*citing Siegert v. Gilley*, 500 U.S. 226, 233 (1991)). To state a defamation claim of constitutional dimension, a plaintiff must allege that the loss of reputation was coupled with "some other tangible element," *Gunderson v. Hvass*, 339 F.3d 639, 644 (8th Cir. 2003), such as loss of public employment. *See Siegert*, 500 U.S. at 234–35; *Paul v. Davis*, 424 U.S. 693, 701–12 (1976). In the present case, plaintiff alleges only that the defamation affected his reputation within the community and caused him personal distress. He therefore fails to state a cognizable claim under § 1983. *See Mowbray v. Cameron County, Tex.*, 274 F.3d 269, 277 (5th Cir. 2001) (a prisoner's allegations of slander resulting in public humiliation, scorn, and ridicule did not state a claim under § 1983).

Even if it could be said that plaintiff stated a claim of constitutional dimension in Count II, such claim would be subject to dismissal. Because plaintiff fails to specify the capacity in

which he is suing Dotson, this Court must interpret the complaint as including only official-capacity claims. *See Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989) (when a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims"). Naming a government official in his official capacity is the equivalent of naming the government entity that employs the official, in this case the City of Saint Louis.[1] *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). To establish municipal liability under § 1983, a plaintiff must show that a constitutional violation was committed pursuant to an official custom, policy, or practice of the governmental entity. *Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 690-91 (1978). Here, the complaint contains no allegations concerning any official custom, policy or practice. Plaintiff's claims in Count II are therefore legally frivolous.

Even if plaintiff had stated claims of constitutional dimension and sued Dotson in his individual capacity, his allegations in Count II would be subject to dismissal because they sound only in respondeat superior. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). To be cognizable under § 1983, a claim must allege that the defendant was personally involved in or directly responsible for the incidents that deprived the plaintiff of his constitutional rights. *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985). Plaintiff does not allege that he had any interaction with Dotson, that Dotson made defamatory statements about him, or that Dotson personally acted as informer to one who made defamatory statements. Instead, plaintiff alleges that two detectives visited him, and that they and the "Sheriff Police

---

[1]To the extent Dotson might be employed by the State of Missouri rather than the City of Saint Louis, it is well established that states and state officials acting in their official capacities are not "persons" within the meaning of § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).

Department" made defamatory statements. (Doc. 1 at 5-6.) Because plaintiff fails to allege that Dotson was causally linked to or bore any personal responsibility for the alleged defamatory statements, he fails to state a claim against him. *See Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (claims sounding in respondeat superior are not cognizable under § 1983).

For all of the foregoing reasons, plaintiff's federal claims are either frivolous or they fail to state a claim upon which relief can be granted. They are therefore so patently meritless as to fail to confer jurisdiction on this Court, and will be dismissed.

### 2. State Law Claims

In Count I of the complaint, plaintiff asserts a state law defamation claim. Because plaintiff's federal claims will be dismissed, all remaining supplemental state claims should be dismissed also. *See* 28 U.S.C. § 1367(c)(3); *United Mine Workers v. Gibbs*, 383 U.S 715, 726 (1966) (if federal claims are dismissed before trial, remaining state claims should also be dismissed); *Crest Construction II, Inc. v. Doe*, 660 F.3d 346, 359 (8th Cir. 2011) (where all federal claims have been dismissed, district court's decision to decline supplemental jurisdiction over state claims is "purely discretionary").

Therefore, if jurisdiction exists over Count I at all, it must be premised on diversity of citizenship. Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction," and "the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted). Here, plaintiff explicitly invokes this Court's federal question jurisdiction. He makes no attempt to establish jurisdiction on the basis of diversity of citizenship, and no such basis is apparent.

Federal court diversity jurisdiction of state law claims requires an amount in controversy greater than $75,000 and complete diversity of citizenship among the litigants. 28 U.S.C. §

1332(a). The amount in controversy is to be ascertained from the complaint itself. *Horton v. Liberty Mutual Ins. Co.*, 367 U.S. 348, 353 (1961). Here, while plaintiff seeks one million dollars in damages, he provides no foundation for his belief that his damages are properly measured at such an amount, or are even sufficient to meet the amount in controversy requirement at all. Instead, he only vaguely alleges that his reputation was damaged, and that third parties were deterred from dealing with him.

In addition, the complaint does not allege that complete diversity of citizenship exists between plaintiff and Dotson. Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). Plaintiff's complaint is silent as to the states of the parties' citizenship. While plaintiff alleges that Dotson is employed in Missouri, he does not allege that Dotson is domiciled in Missouri. Further, the fact that plaintiff is incarcerated in Illinois does not establish that he is domiciled in Illinois. A prisoner does not acquire the domicile of the state in which he is incarcerated; instead, he retains the domicile he had prior to his incarceration. *Jones v. Hadican*, 552 F.2d 249, 250-51 (8th Cir. 1977). While this is presumption is rebuttable upon the showing of "exceptional circumstances," *id.*, plaintiff makes no attempt to establish such circumstances, or to establish that he was domiciled outside the State of Missouri prior to his incarceration.

The Court therefore concludes that it does not have diversity jurisdiction over this matter. Having done so, the Court in the exercise of its discretion declines to exercise supplemental jurisdiction over plaintiff's state law defamation claim in Count I.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* is **GRANTED**. [Doc. 2]

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) this case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the complaint, and all of plaintiff's causes of action against defendant herein, are **DISMISSED**. An appropriate order of dismissal will be entered separately.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

*/s/ Charles A. Shaw*
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 28th day of February, 2017.